UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES BRIAN W.,[1]

                                Plaintiff,                                18-CV-771Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #14.

Plaintiff applied for disability insurance benefits and supplemental security income ("SSI"), benefits with the Social Security Administration ("SSA"), on July 30, 2009, alleging disability beginning December 1, 2007, at the age of 38, due to anxiety, depression, bipolar disorder, panic disorder and phobias. Dkt. #6, p.216. An Administrative Law Judge ("ALJ"), denied plaintiff's application for benefits on August 26, 2011. Dkt. #6, p.95.

---

[1] As set forth In the Standing Order of the Court filed November 18, 2020, any non-government party will be identified and referenced solely by first name and last initial.

On September 9, 2011, plaintiff engaged counsel to represent him and execued a fee agreement providing that, in the event that plaintiff was awarded social security benefits, counsel would receive 25% of past due benefits. Dkt. #22-5.

Upon remand from the Appeals Council, the ALJ denied plaintiff's application for benefits a second time on September 10, 2013 and the Appeals Council denied review on March 25, 2015, prompting counsel to commence an action before the district court on May 22, 2015. 15-CV-458. The Commissioner stipulated to remand for further proceedings on January 12, 2016, prompting an administrative hearing on January 25, 2018, which resulted in a denial of the application for disability benefits on March 20, 2018. Dkt. #15.

This action was commenced on July 13, 2018. Dkt. #1. By Decision and Order entered February 25, 2020, the Court granted plaintiff's motion for judgment on the pleadings and remanded the matter for calculation of benefits. Dkt. #15. The Commissioner determined that plaintiff was entitled to past due benefits from July of 2008 through January of 2020, totaling $260,239.00. Dkt. #22-2, ¶ 13 & Dkt. #22-4.

Currently before the Court is plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) in the amount of $65,059.75. Dkt. #22. Counsel declares that they expended 64 hours on this matter. Dkt. #22-2, ¶ 17 & Dkt. #22-3, ¶ 5. Counsel declares that their normal hourly rate is $350 per hour. Dkt.

#22-2, ¶ 20. In support of the motion, counsel argues that the application is timely and that the request is equal to 25% of past-due benefits as provided in the fee agreement. Dkt. #22-1, pp.2 & 6. Counsel emphasizes that they persisted with this claim through three ALJ hearings and two district court proceedings over the course of a decade to obtain past as well as future benefits for plaintiff. Dkt. #22-1, pp.7 & 8-9. Counsel also argues that, in light of the 50% remand rate, and 66% approval rate of remanded claims, attorneys need to recoup more than 3 times the fee they would charge a client paying on a non-contingent basis to make up for the risk of loss. Dkt. #22-1, pp.6-7. Finally, counsel notes that $12,107.53 in fees awarded in accordance with the Equal Access to Justice Act ("EAJA"), will be returned to plaintiff[2] and that, as a result, their net fee request is $52,952.25, which is equivalent to an effective hourly rate of $840.51 and is both less than the multiplier of 3 that is required to accommodate their risk of loss in other cases and within the range of hourly rates routinely approved within the Western District of New York. Dkt. #22-1, pp.7-8.

The Commissioner concedes that plaintiff's application is timely. Dkt. #25, p.2. The Commissioner does not suggest any evidence of fraud or overreaching. Dkt. #25, p.5. While acknowledging that counsel will return the EAJA fees previously received to plaintiff, the Commissioner emphasizes that counsel is still seeking

---

[2] The EAJA provides that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). EAJA fees are determined by the time expended and a capped hourly rate. *Id.* Fees may be awarded pursuant to both the EAJA and the Social Security Act, but counsel must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.*

$65,059.75 in fees overall. Dkt. #25, p.4. The Commissioner notes that comparable effective hourly rates have been approved and disapproved within this jurisdiction. Dkt. #25, p.5.

Counsel replies that the ultimate beneficiary of the EAJA fees is the plaintiff, not the attorney, and notes that approval of the fee as requested would result in an award of $53,952.25 because the $12,107.53 EAJA award will be refunded to plaintiff. Dkt. #26, p.1. Counsel asserts that it is rare for courts to reduce a fee request where the effective hourly rate is $1,000 or less and that those cases which have reduced an award below the 25% contingency have done so to avoid a windfall where, for example, the amount of work performed was modest. Dkt. #26, pp.2-3.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Thus, even within the 25% statutory limitation for contingent-fee arrangements, the court is required to review the fee sought as an independent check to assure that it is reasonable for the services rendered in the particular case. *Gisbrecht*, 535 U.S. at 807. In making this assessment, the court considers: (1) the character of the representation and the results the representation achieved; (2) whether the attorney was responsible for delay that resulted in the accumulation of additional past-due benefits; and (3)

whether the past-due benefits are so large in comparison to the amount of time counsel spent on the case that the requested fee would amount to a windfall to the attorney. *Id.* at 808*.* The Court of Appeals for the Second Circuit has also instructed district courts to consider whether there has been fraud or overreaching in making the agreement. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990). In considering whether the requested fee may be a windfall to the attorney, the court may request a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent fee cases. *Gisbrecht,* 535 U.S. at 807. However, courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 372.

      In the instant case, the timely fee request is within the boundaries of the statute and there is no evidence of fraud or overreaching in the execution of the fee agreement. The Court recognizes that counsel is experienced in representation of individuals seeking disability benefits and provided able representation to plaintiff through multiple administrative hearings and the filing of two actions before the district court. There is no evidence that counsel was dilatory in the representation of plaintiff. However, the Court is of the opinion that the overall length of time that this matter persisted - 11.5 years - inflated the plaintiff's past-due benefits to such a degree that an award of fees in accordance with the fee agreement would represent a windfall to counsel. *See Gisbrecht*, 535 U.S. at 804 (recognizing that "Congress was mindful . . .

that the longer the litigation persisted, the greater the buildup of past-due benefits and, correspondingly, of legal fees awardable from those benefits if the claimant prevailed."). In the instant case, the Court notes that counsel's first billing entry is dated nearly 7 years after plaintiff began accruing past-due benefits. Counsel's billing records also reflect a gap of more than two years between remand from the district court and the administrative hearing and eleven months from the time the motion for judgment on the pleadings was submitted and this Court's entry of judgment in plaintiff's favor.

Furthermore, although counsel's successful efforts in obtaining remand required the SSA to pay $12,107.53 of the attorney's fees counsel seeks, the statute does not differentiate between the source of funds counsel seeks as compensation, but instead directs the Court to focus upon the reasonableness of the fee requested, which is $65,059.75. Stated another way, the fact that plaintiff would be paying $52,952.22 of the $65,059.75 requested once the EAJA award of $12,107.53 paid by the SSA is returned to plaintiff in no way changes the fact that, if the motion is granted, counsel will have received $65,059.75 over the course of counsel's representation of plaintiff. *See, e.g., Carl R. v. Comm'r of Soc. Sec.,* 17-CV-874, 2020 WL 5231693 (W.D.N.Y. Sept. 2, 2020) (recognizing differing approaches for consideration of EAJA fees)*; Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, at *4 n.4 (E.D.N.Y. Nov. 26, 2012) (rejecting argument that refunding EAJA award to plaintiff would reduce counsel's § 406(b) award); *See also Maldonado v. Commissioner*, 16-CV-6678 at Dkt. #34, p.2 (Siragusa, J., June 8, 2020) (determining that it was wrong to subtract EAJA award from the amount counsel requests as reasonable fee when calculating hourly rate). In

this Court's opinion, subtracting the EAJA award from the award counsel seeks under 42 U.S.C. § 406(b)(1)(A) serves only to skew the Court's assessment of reasonableness of the overall fee requested.

In the instant case, dividing the fee requested by the number of hours expended by counsel provides an effective hourly rate of $1,016.56. While hourly rates of $1,000 have been approved in this district, the Court is unaware of any case in which such a rate resulted in such a large fee overall. *See, e.g., Stasiak v. Comm'r of Soc. Sec.,* 17-CV-437, 2020 WL 5511303 (W.D.N.Y. Sept. 14, 2020) (hourly rate of $907.53 yielded award of $29,088.75); *Salone v. Comm'r of Soc. Sec.,* 16-CV-6491, 2020 WL 1677374 (W.D.N.Y. April 6, 2020) (hourly rate of $956.25 yielded award of $29,835); *Sims v. Comm'r of Soc. Sec.*, 17-CV-798, 2020 WL 812923 (W.D.N.Y. Feb. 19, 2020) (hourly rate of $980.87 yielded award of $17,165.25); *McDonald v. Comm'r of Soc. Sec.*, 16-CV-926, 2019 WL 1375084 (W.D.N.Y. March 27, 2019) (hourly rate of $1,051.64 yielded award of $30,602.75). While the risk of accepting cases upon contingency is real and should be considered in assessing the reasonableness of contingency fee awards, an award of the magnitude sought by counsel in the instant case shifts too much of the burden of accommodating that risk upon this particular plaintiff. Instead, the Court finds a multiplier of twice the normal hourly rate for the hours expended, or a total award of $44,800, to be a reasonable fee for representation of this plaintiff.

## CONCLUSION

For the reasons set forth above, counsel is awarded $44,800, with the stipulation that upon receipt of this award, they will refund to plaintiff $12,107.53 previously received pursuant to the EAJA..

**SO ORDERED.**

**DATED:    Buffalo, New York
January 25, 2021**

  _s/ H. Kenneth Schroeder. Jr._
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**